[Civ. No. 9507.   Second Appellate District, Division Two.—March 19, 1935.]

AGNES IMO RAPP, Appellant, v. LOS ANGELES CITY SCHOOL DISTRICT et al., Respondents.

H. E. Gleason for Appellant.

Everett W. Mattoon, County Counsel, and W. B. Mc-Kesson, Deputy County Counsel, for Respondents.

SCOTT, J., *pro tem.*—Petitioner requested the trial court to issue a writ of mandate requiring respondents to reinstate her as a permanent teacher. The writ was denied and she appeals, declaring that she was not properly served with statutory notices within the time required by law.

Chapter VII of the School Code (Deering's Gen. Laws, 1931, vol. 3, p. 4187) deals with dismissals. Section 5.652 provides: "The board shall not act upon any charges of incompetency filed by a member of the board or by any employee of the district unless the employee against whom such charge is filed shall have had notice of his incompetency given him by the governing board or by an authorized representative thereof at least three months prior to the date of the filing of the charges." Pursuant to that section respondents, on February 12, 1932, deposited in the United States mail, registered return receipt requested, a notice addressed to petitioner notifying her that she was incompetent. She received the notice the next day, February 13th, and signed the receipt therefor. Other sections provide that to dismiss a permanent teacher following the notice required by section 5.652, written charges must be filed and notice must be given the employee not later than May 15th that he will be dismissed at the end of the school year unless he demands a hearing. Such notice must be sent by registered mail (sec. 5.651), and the hearing must be demanded within thirty days (sec. 5.654) from the date of mailing of such notice. In this case the written charge was filed May 13, 1932, and notice of the same was sent to petitioner May 14th, by registered mail, and was received May 16th. No hearing on the charges was demanded by petitioner, and her dismissal became effective with the close of the school year.

It is now urged that notice of incompetency was not given to petitioner three months prior to filing of the written charges, although such notice was actually received by her on February 13th and the charges were not filed until May 13th. It would appear that the rule for computation of time, to-wit, by excluding the first day and including the last, would apply. (Code Civ. Proc., sec. 12; Civ. Code, sec. 10; Pol. Code, sec. 12.) We further observe that the thirty days allowed by section 5.654 within which petitioner

might demand a hearing did not start to run until the date of mailing of such notice on May 14th.

Petitioner directs our attention to section 5.651, which provides that "said notice [of the written charges], which must be given not later than the 15th of May in any school year, must be in writing and sent by United States registered mail to the said permanent employee at his last known address". She suggests that such notice is not complete when deposited in the mail nor until it is received by the employee, and that since it was not received by her until May 16th, although mailed two days earlier, it did not conform to the provisions of the section cited and is therefore of no avail. It would seem that the language above quoted should be construed to mean that a written notice of the charges must be deposited, registered, in the United States mail, addressed to the employee at his last-known address not later than May 15th. If it were intended to require that it must be *delivered to* or *received by* the employee by that date it would have said so. The interpretation we prefer would be in harmony with the provisions of the Code of Civil Procedure, section 1013, which relates to service by mail and states that it is complete at the time of the deposit, with an allowance of time for acts to be done by the other party pursuant thereto. In this case the only act to be done by petitioner pursuant to such notice was to demand a hearing on the charges. No such demand was made.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 18, 1935.